**ARMAND'S SUBWAY, INC.,**
**Appellant-Cross-Appellee,**

v.

**DOCTOR'S ASSOCIATES, INC. and Mr.**
**and Mrs. Robert J. Galliano,**
**Appellees-Cross-Appellants.**

**Nos. 78–1616, 78–1617.**

United States Court of Appeals,
Fourth Circuit.

Argued June 4, 1979.

Decided Aug. 30, 1979.

James L. Kurtz, Washington, D. C. (Alvin L. Newmyer and Howard A. Libby, Washington, D. C., on brief), for appellant and appellee Armand's Subway, Inc.

Frank J. Thompson, Stamford, Conn. (Donald L. Dennison, Dennison, Dennison, Messerole & Pollach, Arlington, Va., on brief), for appellees and appellants Doctor's Associates, Inc. and the Gallianos.

Before HALL and PHILLIPS, Circuit Judges, and DUMBAULD,* Senior District Judge.

DUMBAULD, Senior District Judge.

This case[1] involves the impact of the Lanham Trademark Act of July 5, 1946, 60 Stat. 427, 15 U.S.C. 1051 *et seq.*, upon the geographical areas within which the parties are entitled to use the names "Subway" and "Armand's Subway" in connection with their respective sandwich shops or restaurants.

Before that legislation trademark protection was part of the law of unfair competition, and the trade, not the mark as such, was protected. Hence the right to protection was limited to areas where it had been used and the claimant of the mark had carried on business. *Hanover Star Milling Co. v. Metcalf,* 240 U.S. 403, 412–20, 36 S.Ct. 357, 60 L.Ed. 713 (1916).

After the Lanham Act, nationwide protection was extended to registered marks, regardless of the area in which the registrant actually used the mark, because under 15 U.S.C. 1072 registration constituted constructive notice to competing users. *Dawn Donut Co. v. Hart's Food Stores,* 267 F.2d 358, 362 (C.A.2, 1959). However, as held in that case, the protection is only potential in areas where the registrant in fact does not do business. A competing user could use

---

* Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. In No. 78–1616 plaintiff, Armand's Subway, Inc., is appellant; in No. 78–1617 defendants, Doctor's Associates, Inc. and Mr. & Mrs. Robert J. Galliano, have appealed. For simplicity (the Gallianos being franchisees of Doctor's in the Washington area) we shall speak of "defendant" in the singular.

the mark there until the registrant extended its business to the area. Thereupon the registrant would be entitled to exclusive use of the mark and to injunctive relief against its continued use by prior users in that area. *Ibid.*, 360, 365.

After a mark has become incontestable after five years' continuous use after registration (15 U.S.C. 1065), registration becomes conclusive evidence of the registrant's exclusive right to use the mark except where one of seven specified "defenses or defects is established," including, *inter alia*, "That the mark . . . was adopted without knowledge of the registrant's prior use and has been continuously used . . . from a date prior to registration . . . *Provided, however*, That this defense or defect shall apply only for the area in which such continuous prior use is proved."

■ Registration does not become incontestable with respect to a party whose prior use within a particular area dates from a time prior to publication of registrant's mark pursuant to the Lanham Act. In such a case the prior user has exclusive use in the area where it has done business before the publication by registrant. 15 U.S.C. 1065; *Wrist-Rocket Mfg. Co. v. Saunders Archery Co.*, 578 F.2d 727, 731 (C.A.8, 1978); [2] *Holiday Inns, Inc. v. Holiday Inn*, 364 F.Supp. 775, 785 (D.S.C.1973), aff'd 498 F.2d 1397 (C.A.4, 1974).

We proceed to application of these rules to the facts in the case at bar, as found by the District Court in a non-jury trial. The evidence adduced was conflicting and far from uniformly clear and credible, but for present purposes we may consider the following facts to have been established.

Plaintiff first used the mark "Subway" in August, 1968, in connection with its first restaurant in Washington, D. C. Since April 8, 1969, it has used the mark "Armand's Subway," not "Subway" *simpliciter.* Plaintiff holds an incontestable registration, issued September 29, 1970, for the mark "Armand's Subway."

Defendant began operating in Bridgeport, Connecticut, in 1965 under the name "Pete's Submarines." Soon it adopted the name "Subway," systematically changing all its signs accordingly beginning in August, 1967. Defendant's business is limited to "submarine sandwiches;" plaintiff also serves hamburgers and other items. Defendant's advertising and decor emphasizes the theme of subway transportation, naming sandwiches IRT, BMT, and for other well-known subway systems.

Defendant filed an application for registration of "Subway" on May 13, 1974. On December 11, 1974, the Patent Office rejected the application because of conflict with plaintiff's registration. This was the occasion of defendant's first knowledge of plaintiff's use of the mark. Defendant amended its application so as to provide for concurrent use. [See 15 U.S.C. 1052(d)]. The proceeding before the Patent Office is in abeyance pending decision of the instant litigation. Defendant declared its willingness to cease use of the mark in the Washington area. After knowledge of plaintiff's registration, defendant expanded out of Connecticut, and by means of franchising, operates approximately 125 stores, in many States. Plaintiff has not expanded outside of the Washington area. In 1976 and 1977 (after knowledge of plaintiff's registration), defendant established several outlets in the Washington area.

In view of the foregoing facts and legal rules, it would seem that defendant is entitled to exclusive use of the mark "Subway" in the Connecticut area.[3] Similarly plain-

---

2. For an earlier opinion in the same case see 516 F.2d 846 (C.A.8, 1975).

3. In delineating geographical areas for trademark use, whole States are the usual unit. *Wrist-Rocket, supra,* 578 F.2d at 732; *Hanover Star Milling Co., supra,* 240 U.S. at 416, 36 S.Ct. 357. This may be a historical survival of

the origin of trademark protection as part of the law of unfair competition. Perhaps individual areas less than statewide might be appropriate under certain circumstances. The sandwich shops in the instant case draw walk-in trade from a small surrounding area. The manufacture of brick is another local industry,

tiff is entitled to exclusive use of the mark "Armand's Subway" in the Washington area. Plaintiff by virtue of prior registration is also entitled to nationwide use of that mark, unless such use in Connecticut would generate "confusion" with defendant's rights based upon prior use of its mark there; but in no case would plaintiff be entitled to injunctive relief[4] except in the area actually penetrated by plaintiff. Defendant's expansion would be vulnerable if plaintiff should expand (assuming that infringement by reason of "confusion" were found to arise in the contested area).

The District Court, after correctly pointing out that the statutory test for trademark infringement under 15 U.S.C. 1114(1) is whether defendant's use of a mark is "likely to cause confusion, or to cause mistake, or to deceive," went on to inquire whether there would be "likelihood of confusion" arising from defendant's use of the mark "Subway" in competition with plaintiff's mark "Armand's Subway."

In reaching a negative answer to this question the District Court relied upon the assumption that "in sandwich language 'Subway' really refers to what some call a 'Submarine Sandwich' . . . 'Armand's' is the name customers refer to. One would not go to 'Armand's' and ask for an 'Armand's Subway Hamburger' . . . but would ask for a hamburger, just as having gone to Armand's because one liked his subway sandwiches, would ask for a subway . . ." The District Court thus concluded also that plaintiff had "abandoned any right to the name 'SUBWAY'

alone—if it could have established an exclusive right to such a name—and it cannot now complain of the use by another. In fact, one who had used it prior to plaintiff."

The District Court accordingly held:

1. That the mark "SUBWAY" is not subject to a registration under the evidence in this case.

2. That the use of the mark "SUBWAY" does not infringe upon the registered mark "ARMAND'S SUBWAY," and would not confuse.

3. That Doctor's was the first and prior use of the mark "SUBWAY."

4. That even if it be conceded that there was any improper use of the registered mark "ARMAND'S SUBWAY" by using the mark "SUBWAY" in the District and Arlington, Doctor's, having been the first user of the mark "SUBWAY," plaintiff would only be entitled to injunctive relief upon a showing that there is confusion by the use of the mark, or that it interfered with plaintiff's use and rights, and if and when such is shown, an injunction would only be proper in this case to enjoin use of such mark in Washington and Arlington.

5. The complaint is therefore DISMISSED.

On appeal plaintiff contends that injunctive relief should have been granted, upon the ground that defendant's mark is likely to cause confusion, and hence infringement of plaintiff's mark.[5]

Both parties assign as error (and correctly, in our opinion) the trial judge's

where high transportation costs limit penetration of a wide market.

4. Injunctive relief under 15 U.S.C. 1116 must conform to "the principles of equity." Also, infringement requires that use of the mark "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. 1114(1)(a). Hence if the District Court, by application of appropriate criteria, finds that use of "Subway" by defendant, in the Washington area does not cause "confusion," plaintiff would be entitled to no relief whatever in that area. Future injunctive relief in other areas to which plaintiff might expand would also be precluded by absence of "confusion" between the marks.

5. Subsidiary contentions were advanced, which in view of our disposition of the case, need not be discussed: (1) that injunctive relief should have been granted to enforce defendant's agreement to abandon use of its mark in the Washington area; (2) that it was error to hold that, if there were any infringement, relief should be confined to the Washington area; (3) that defendant's conduct was unfair competition and violated 15 U.S.C. 1125(a) prohibiting "false designation of origin;" and (4) that plaintiff should have been granted monetary damages and attorneys' fees.

conclusion that "Subway" refers merely to a "submarine sandwich."[6] From this it would follow that plaintiff's mark is really merely the name "Armand's." It would also follow that defendant can not use "Subway" as a trade mark, because of its generic nature. This prejudges the outcome of defendant's pending registration proceeding before the Patent Office (which is held in abeyance pending decision of the case at bar). These views of the trial judge prevented appropriate consideration and evaluation of the issue whether there was conflict or confusion between the respective marks "Armand's Subway" and "Subway."

It seems plain, however, that "Subway" could be (and, defendant urges, is) used in a fanciful[7] manner suitable for trademark protection, based upon the literal meaning of the word as a transportation agency, a theme defendant emphasizes in advertising and decor. This can be demonstrated by assuming that instead of "Subway" a name were taken from another form of transportation, such as "Riverboat" or "Stagecoach." Might there not be possible confusion between the marks "Riverboat"[8] and "Armand's Riverboat?" It should be noted that defendant objected to the use of the name "Saratoga Subway" by a competitor in Connecticut.

Accordingly the case must be remanded for appropriate determination of this issue, which is vital to the question of infringement. Perhaps it would be advisable for the District Court to stay its hand entirely with respect to the instant litigation until the Patent Office has determined whether defendant is entitled to registration of its mark "Subway" and if so under what conditions. The decision of the Patent Office, as well as stipulations and admissions by the parties in connection with the proceeding there, might simplify the remaining problems and perhaps entirely eliminate some matters (hopefully the whole litigation) from the necessity of subsequent judicial determination.

*Remanded for appropriate proceedings in accordance with this opinion.*

---

6. This is the sole issue raised by defendant's appeal.

7. With respect to the sandwich business.

8. There actually is a Riverboat Room at the William Penn hotel in Pittsburgh. The name "Chuck Wagon" is also in current use.