**MARCON, LTD., Appellant,**

v.

**HELENA RUBENSTEIN, INC., Appellee.**

**MARCON, LTD., Appellee,**

v.

**HELENA RUBENSTEIN, INC., Appellant.**

**Nos. 81–2113, 81–2161.**

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1982.

Decided Dec. 1, 1982.

Rehearing Denied Jan. 24, 1983.

H. J. Melaro, Arlington, Va. (John I. Gruen, Gruen & Weiser, Alexandria, Va., on brief), for appellant and cross-appellee.

Milton J. Wayne (Burgess, Ryan & Wayne, New York City, Charles A. Wendel, Stevens, Davis, Miller & Mosher, Arlington, Va., Herbert I. Cantor, Cantor & Singer, Bethesda, Md., on brief), for appellee and cross-appellant.

Before WIDENER, ERVIN and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

Plaintiff prosecuted this trademark infringement action under the Trademark Act of 1946 (the Lanham Act), 15 U.S.C. §§ 1051, et seq., and under the infringement provisions of the Virginia Trademark and Service Mark Act, Va.Code §§ 59.1–88, –89. Defendant counterclaimed, seeking cancellation of the plaintiff's trademark. The district court granted summary judgment for the defendant on a part of the plaintiff's claim. Following a bench trial, the court dismissed the balance of the plaintiff's claim and all of the defendant's counterclaim. Each party appealed from part or parts of the district court's decisions which were adverse to it. We affirm in part but vacate the award of summary judgment and remand that part of the case for further proceedings.

I

Plaintiff, MarCon, Ltd., is a family cosmetics licensing and marketing concern owned by Rose E. Melaro and two of her children. Rose Melaro was an individual plaintiff in these proceedings until she withdrew following assignment of all state and federal trademark rights to MarCon while this litigation was pending. Defendant, Helena Rubenstein, is a large manufacturer and nationwide marketer of cosmetic products. At issue is Rose Melaro's federal trademark registration (# 1,056,339) granted in 1977, and Virginia Trademark registration granted to her in 1980, for use of the mark SILK in connection with a variety of cosmetics. The awarding of the state and federal registrations was based on claimed uses dating back to the 1930s and 1940s. Plaintiff asserted that defendant infringed this mark by selling several products with SILK as part of their names. Three of the defendant's products names

are registered trademarks, with six more being unregistered.[1]

Plaintiff initially filed this action in the Arlington County, Virginia Circuit Court, asserting only the state law claims. Defendant removed the action to the federal district court. A number of motions were then made by the parties, and Judge Albert V. Bryan, Jr., consolidated them for a hearing on November 28, 1980. Following this hearing, Judge Bryan allowed the plaintiff to amend its complaint so as to assert federal as well as state claims. Judge Bryan also granted the defendant's FRCP 12(b)(6) motion, which he treated as a motion for summary judgment, and entered judgment for the defendant on plaintiff's claims pertaining to certain of defendant's registered trademarks. The court concluded that no cause of action existed on the registered trademarks because they were registered before the plaintiff received registration for its mark. On July 10, 1981, Judge Bryan denied plaintiff's motion for reconsideration of this order.

An amended complaint concerning only five unregistered marks[2] was filed by the plaintiff on December 3, 1980. Defendant's amended answer contained counterclaims that the plaintiff had abandoned both the Virginia and federal registrations through a naked assignment of title to the trademarks without accompanying goodwill. In March 1981, Judge Lewis conducted a non-jury trial on the issues contained in the amended complaint and answer. In a decision rendered on October 14, 1981, after Judge Bryan had denied reconsideration of his order, the court dismissed both the plaintiff's remaining claims and the defendant's counterclaims. On the plaintiff's infringement claim, it made a finding of fact that the plaintiff's evidence "falls far short of establishing the requisite likelihood of confusion,

mistake or deceit needed to prove infringement." On the defendant's abandonment claim, the court concluded that the various documents offered to show an illegal naked transfer of trademark ownership from Melaro to MarCon were ambiguous. It made a finding of fact that "Mrs. Melaro did not assign her cosmetic business to Marcon [sic] Ltd. nor abandon her right to use the trademark SILK when she signed the October 15, 1979 agreement."

The plaintiff appeals from Judge Bryan's orders of November 28, 1980 and July 10, 1981, and that part of Judge Lewis' decision dismissing the infringement claim. The defendant appeals from the dismissal of its abandonment claim.

## II

We first consider the challenges to the district court's decision of October 14, 1981. The plaintiff's infringement claim was judged on the following standard which we think is a proper one:

The statutory test for trademark infringement, as delineated in 15 USC § 1114(1), is whether the use of the accused copy of colorable imitation of the registered mark is "likely to cause confusion, or to cause mistake, or to deceive." *Holiday Inns, Inc. v. Holiday Inn,* 364 F.Supp. 775, 177 USPQ 640 (D.S.C.1973) [*aff'd without opinion* 498 F.2d 1397 (4th Cir.1974) (table)] .... In ... the applicable statutory ... [test], determination of confusion is *a question of fact.* Factors to be considered in determining the presence of confusion include the type of service mark at issue, the similarity of design and of the product offered, the identity of retail outlets and purchasers, the identity of advertising media utilized, defendant's intent and actual confusion.

1. The challenged unregistered marks are: Silk Face Powder, Silk Finish Face Powder, Liquid Silk Foundation, Creamy Silk Foundation, Real Silk Makeup, and Liquid Silk Blusher. The registered trademarks are: Silk Film (# 525,-275 on May 16, 1950); Silk Fashion (# 766,498 on March 10, 1964); and Silk Sheen (# 681,610 on July 7, 1959). Other similar Helena Rubenstein trademarks which were used in the past include Silktone, Silken Look, Silk Screen, and Silk Velvet. These last three products have been discontinued and their registrations were allowed to lapse.

2. Silk Face Powder, Real Silk Makeup, Liquid Silk Foundation, Creamy Silk Foundation, and Liquid Silk Blusher.

*Armand's Subway, Inc. v. Doctor's Associates, Inc.,* 202 U.S.P.Q. 305, 310 (E.D.Va. 1978), *rev'd on other grounds,* 604 F.2d 849 (4th Cir.1979) (emphasis added) (footnote omitted). The district court's findings of fact can be overturned by this court only if found to be clearly erroneous. FRCP 52(a).

▪ Among plaintiff's challenges to the district court's findings was a claim at oral argument before this court that the district court's "order was based primarily on the [defendant's] registered marks which should not have been before the court." An inspection of the record and the court's opinion shows that this contention is without merit. The district court's findings refer specifically to six challenged unregistered marks. Plaintiff's other challenges to the district court's fact finding also fail to meet the clearly erroneous standard. We thus affirm the district court's decision for the defendant on the infringement claim.

▪ The defendant challenges the district court's finding that the plaintiff's trademark was not abandoned when it was transferred. Under § 10 of the Lanham Act,

A registered mark or a mark for which application to register has been filed shall be assignable with the goodwill of the business in which the mark is used...

15 U.S.C. § 1060. At issue in the present case are various agreements between Mrs. Melaro, her children, and the family owned MarCon, Ltd., pertaining to the SILK trademark. Defendant characterizes at least one of these agreements as a naked transfer of title in the trademark without goodwill and thus in violation of § 10. The district court found as a factual matter that the agreements were only intra-family paper writings pertaining to the right to sell and distribute SILK cosmetics. We cannot conclude that this finding was clearly erroneous, FRCP 52(a), and thus also affirm the district court's decision for the plaintiff on the defendant's abandonment counterclaim.

### III

We turn now to the district court's award of summary judgment to the defendant on the plaintiff's claim that certain of the defendant's registered trademarks infringed the plaintiff's trademark. Plaintiff asserts that this challenge is possible because its claimed use of the marks pre-dates the defendant's use. Defendant counters that its trademarks are incontestable under § 15 of the Lanham Act, 15 U.S.C. § 1065, and that they are not subject to a prior use claim under § 14 of the Lanham Act, 15 U.S.C. § 1064, because more than five years has lapsed since their registration.

▪ Defendant is correct in noting that a party claiming prior use of a trademark may seek to cancel another party's registration of the mark under § 14 of the Lanham Act. *Union Carbide Co. v. Ever-Ready, Inc.,* 531 F.2d 366, 374 (7th Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976); *Blanchard Importing and Distributing Co. v. Charles Gilman & Son,* 353 F.2d 400, 401–02 (1st Cir.1965), *cert. denied,* 383 U.S. 968, 86 S.Ct. 1273, 16 L.Ed.2d 308 (1966). Unless under certain enumerated exceptions, challenges under § 14 must take place within five years of registration. 15 U.S.C. § 1064. *See* 4 Callman, The Law of Competition, Trademarks and Monopolies § 97.3(c)(2) (3d ed. 1970).

▪ Nevertheless, § 14 is not the sole means of attacking the validity of a trademark registration by asserting the prior use of a trademark. Under § 15 of the Lanham Act, a trademark registration may become incontestable "except to the extent, if any, to which the use of a mark registered on the principal register infringes a valid right acquired under the law of any State or Territory by use of a trade name continuing from a date prior to the date of publication under this chapter of such registered mark...." 15 U.S.C. § 1065. *See Armand's Subway, Inc. v. Doctor's Associates, Inc.,* 604 F.2d 849, 850 (4th Cir.1979); *Holiday Inns, Inc. v. Holiday Inn,* 364 F.Supp. 775, 785, *aff'd without opinion,* 498 F.2d 1397 (4th Cir.1974) (table). A related provision in § 33(b) of the Lanham Act provides that trademarks which are incontestable under § 15 are still subject to certain defenses, including:

That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to registration of the mark under this chapter or publication of the registered mark under subsection (c) of section 1062 of this title: *Provided, however,* That this defense or defect shall apply only for the area in which such continuous prior use is proved...

15 U.S.C. § 1115(b)(5); *see Hot Shoppes, Inc. v. Hot Shoppe, Inc.,* 203 F.Supp. 777 (M.D.N.C.1962).[3]

 In the present case, plaintiff registered its trademark under the Virginia Trademark and Service Mark Act, Va.Code §§ 59.1–77 to –92. This registration, granted in 1980, claimed that the first use of the trademark was in 1935 and the first Virginia use was in 1951. Such prior use, if proved, could arguably constitute the Lanham Act § 15 "valid right [based on prior use] acquired under the law of any State. . . ." Of course, the issue still would remain as to whether or not there actually was infringement between the trademarks. The district court did not reach the question as to whether the defendant did, in fact, have any valid rights under state law, nor, of course, whether there was infringement, because it had ruled that the prior federal registration date of the defendant was grounds for summary judgment. This ruling was incorrect on summary judgment because under the language of § 15 the inquiry is whether use of defendant's registered marks infringes any valid right acquired by plaintiff under state law described in § 15.

We do not reach the question of whether the defendant's registrations were otherwise incontestable, nor, as noted above, whether the defendant's trademarks were infringing. We decide only that the district court failed to consider the application of that provision of the Lanham Act § 15 we have especially mentioned.

Accordingly, the order of the district court granting summary judgment to defendant on account of its registered trademarks Silk Film, No. 525–275, Silk Sheen, No. 681,610, and Silk Fashion, No. 766,498, is vacated and remanded for further proceedings not inconsistent with this opinion; the balance of the decision is in all respects affirmed.

*AFFIRMED IN PART, VACATED IN PART, and REMANDED.*

---

**3.** Defendant relies on *Union Carbide Corp. v. Ever-Ready, Inc.,* 531 F.2d 366, 374 (7th Cir. 1976), for the proposition that § 14 protects trademark registrants from all prior use claims. We see nothing in the *Union Carbide* opinion which states that registrants are protected from all prior use claims under § 14; rather, it states that prior use is not a ground for cancel-

lation under § 1064. The relationship of §§ 14 and 15 is far from clear and has been a topic of considerable litigation. *See Union Carbide,* 531 F.2d at 371–80; 4 Callman, *supra* § 97.3(c)(5) (1981 Cum.Supp.). The construction urged on us by the defendant would render meaningless the specific statement in § 15 pertaining to rights acquired under state law.