**SUPERMARKETS GENERAL CORPORATION, Plaintiff,**

v.

**PATHMARK TITLE COMPANY, INC., Defendant.**

Civ. No. JH–86–547.

United States District Court, D. Maryland.

Dec. 8, 1987.

---

John Martin Jones, Jr., C. Lamar Garren, and Piper & Marbury, Baltimore, Md., for plaintiff.

Morton J. Rosenberg and Rosenberg, Maleson & Bilker, Columbia, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

Plaintiff, Supermarkets General Corporation, filed a three-count complaint against the defendant, Pathmark Title Company, Inc., on February 18, 1986. In Count I, plaintiff alleges that defendant has infringed its federally registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Plaintiff seeks relief in the form of a permanent injunction and damages. In Count II, plaintiff alleges that defendant has engaged in unfair com-

petition (false designation of origin) in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff seeks a permanent injunction and damages. Count III, based on the common law, alleges unlawful appropriation and unfair competition on the part of defendant.

Plaintiff, Supermarkets General, has used the name and mark "PATHMARK" for over 20 years to designate its chain of PATHMARK supermarkets and drug stores. Plaintiff is a Delaware corporation, is based in Woodbridge, New Jersey, is qualified to do business in Maryland, and as of November 14, 1986, the date of plaintiff's response to defendant's motion for summary judgment, has 174 stores. From the deposition of Ms. Delores M. King, taken on November 14, 1986, the Court learns that PATHMARK has a store on Joppa Road, presumably in Baltimore County, Maryland.

Plaintiff's 174 stores generate over $3 billion a year in sales. The Court notes that PATHMARK supermarkets has the largest market share of any supermarket operating in the entire New York metropolitan area and enjoys one of the largest market shares of any supermarket in the northeast portion of the United States. In each store, the PATHMARK name and mark is featured prominently on all signs, advertising and promotional materials. PATHMARK's private label products, which are over 2,000 in number, also feature the name and mark. In the last five years, plaintiff has disbursed over $300 million in advertising and promotion for the PATHMARK name and mark. Plaintiff has not limited its advertising avenues; they appear in newspapers, periodicals, coupon discounts, promotional pamphlets and brochures, as well as on television and radio. Plaintiff provides this information in support of its claim that the PATHMARK name and mark is one of its most valuable assets.

Defendant, Pathmark Title Company, Inc., is a relatively new entity, granted corporate status in Maryland on May 18, 1982. Still later, on March 1, 1984, defendant began using the words "PATHMARK" and "PATHMARK TITLE COMPANY" as its trademark and trade name. Defendant's business is uncomplicated: it issues title insurance policies for the purpose of insuring the lender and/or homeowner against defects in the title of the property. PATHMARK TITLE has two locations; one is in Columbia, Maryland, the other is in downtown Baltimore at 2 E. Fayette Street.

Defendant has filed a motion for summary judgment. (Paper # 11). Plaintiff responded (Paper # 13), prompting defendant's reply (Paper # 15). The Court held a hearing on December 3, 1987 and the matter is ready for disposition.

Defendant claims that no likelihood of confusion exists, as a matter of fact, between the goods of the plaintiff and the services of defendant.

The Court believes it helpful to first review the general principles governing Rule 56 dispositions.

Pursuant to Fed.R.Civ.P. 56, a court is to grant such a motion only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The nonmoving party, however, is entitled to the benefit of all favorable references and legal theories indicated by the evidence. Upon a motion for summary judgment, once the moving party has made a *prima facie* showing that it is entitled to summary judgment, the burden is shifted to the nonmoving party to produce evidentiary materials that demonstrate the existence of a genuine issue at trial. *See generally, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). These cases also clarified what an opposing party may fairly be required to show to defeat the motion where where he would have the burden of proof on the issue at trial. *Anderson,* 106 S.Ct. at 2510–2512; *Celotex,* 106 S.Ct. at 2553–2554.

█ The nonmoving party, also bearing the burden of proof at trial, may oppose the motion with "any of the kinds of evidentiary materials listed in Rule 56(c), ex-

cept the mere pleadings themselves...." *Celotex*, 106 S.Ct. at 2553–2554. In short, the nonmoving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue. Thus, summary judgment is proper where there is no genuine issue of material fact and, viewed in the light most favorable to the nonmoving party, the undisputed facts entitle the moving party to judgment as a matter of law. *Anderson*, 106 S.Ct. at 2511.

In order to determine whether there is a likelihood of confusion, the Fourth Circuit has isolated seven relevant factors for a court's consideration. They are:

(a) strength or distinctiveness of the mark;

(b) similarity of the two marks;

(c) similarity of the goods/services the marks identify;

(d) similarity of the facilities the two parties use in their business;

(e) similarity of the advertising used by the two parties;

(f) the defendant's intent;

(g) actual confusion.

*See Polo Fashions, Inc. v. Craftex, Inc.,* 816 F.2d 145, 148 (4th Cir.1987); *Pizzeria Uno Corp. v. Temple,* 747 F.2d 1522, 1527 (4th Cir.1984); *Marcon, Ltd. v. Helena Rubenstein, Inc.,* 694 F.2d 953, 955 (4th Cir. 1982); *Frances Denney, Inc. v. New Process Co.,* 670 F.Supp. 661, 668 (W.D.Va. 1985).

■ Taking into consideration all of the enumerated factors relevant to the issue of confusion, the Court finds that at this early stage of the proceedings, genuine issues of material fact exist. Without making a finding as to the likelihood of confusion, the Court notes that the parties have disputed facts as to the similarity of the advertising used and the defendant's intent, with defendant arguing the adoption of the mark was innocent and plaintiff arguing the mark was adopted in bad faith. Also, there is a factual dispute as to the actual confusion of the marks. Further, the channels or areas of commerce, are in dispute with defendant arguing that its clientele consists of sophisticated real estate professionals and plaintiff countering that defendant, like plaintiff, deals with the general public. Accordingly, the Court does find that at least genuine issues of material fact are raised, requiring a determination by a finder of fact.

Later in the proceedings, the Court believes it will be helpful for the parties to analyze an additional factor—determining a likelihood of expansion of the product lines, otherwise known as "bridging the gap." *Centaur Comm. v. A/S/M Comm.,* 652 F.Supp. 1105, 1113 (S.D.N.Y.1987). This is crucial to the case because plaintiff points to companies like Sears & Roebuck, a die-hard retailer, who has branched off into markedly different areas. It appears that plaintiff hints that it too may be headed in defendant's direction of real estate services at a retail level. This will have a large impact on the question of likelihood of confusion. At trial, such evidence will be probative.

Therefore, it is this 8th day of December, 1987, by the United States District Court for the District of Maryland, ORDERED:

1) that defendant's motion for summary judgment BE, and the same hereby IS, DENIED;

2) that the parties are to:

a. complete discovery by January 7, 1988;

b. submit a jointly proposed Pretrial Order by January 15, 1988 in accordance with Local Rule 35(c);

c. file motions in limine by January 15, 1988;

d. attend a pretrial conference on January 21, 1988 at 9:00 a.m. in chambers;

e. be prepared for trial on February 1, 1988, at 9:30 a.m.; and

f. advise the Court on the estimated length of trial.