892 F.2d 74
 14 U.S.P.Q.2d 1324
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NABISCO BRANDS, INC.; Planters Lifesaver Company,
Plaintiffs-Appellees,
v.
CONUSA CORPORATION; General de Confiteria, S.A.,
Defendants-Appellants.
 No. 89-2704.
 United States Court of Appeals,
Fourth Circuit.
 Argued: Oct. 2, 1989.
Decided: Dec. 1, 1989.
 
 Edward Minor Prince (Richard L. Kirkpatrick, Cushman, Darby & Cushman; Bynum H. Hunter, Samuel Byasse, Smith Helms Mulliss & Moore, on brief), for appellants.
 Marie Veronica Driscoll (Jon A. Lewis, Robin, Blecker, Daley & Driscoll; W. Andrew Copenhaver, Hada V. Haulsee, James K. Phillips, David A. Shirlen, Womble Carlyle Sandridge & Rice, on brief), for appellees.
 Before POWELL, Associate Justice, United States Supreme Court, Retired, sitting by designation, PHILLIPS, Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The underlying dispute is over the right of a foreign manufacturer and its domestic distributor to distribute for sale in the United States a form of ring-shaped hard roll candy that resembles in critical respects the "LifeSaver" brand form long marketed in this country. The immediate question is whether the district court properly granted a preliminary injunction, on motion of the marketers of LifeSaver candies, against distribution of the foreign-made candy pending resolution on the merits of underlying federal trademark and state common law and statutory unfair competition claims. We affirm.
 
 
 2
 * Planters LifeSaver Co. distributes, under license from Nabisco Brands, Inc., an annular (ring-shaped) hard roll candy known as LifeSaver. Each piece of candy has a hole in the center and is marked with the raised letters "LIFE SAVER" on one side. The ring configuration with raised letters is the subject of a Nabisco licensed trademark registered with the Patent and Trademark office on its Principal Register. It was also the subject of a design patent owned by Nabisco's predecessor that expired in 1921. Beginning in 1979, General de Confiteria, S.A. began producing Circos, a candy strikingly similar in appearance to LifeSaver except that Circos bore the raised letters "BARCA" instead of "LIFE SAVER." In 1984 General de Confiteria formed Conusa, a Florida corporation (hereafter, collectively, Conusa), to market and distribute this candy within the United States. Nabisco and Planters (hereafter, collectively, Nabisco) sued Conusa alleging trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114(1) & 1125(a), common law trademark infringement, and violations of North Carolina's Unfair Trade Practices Act, N.C.Gen.Stat. § 75-1.1. On Nabisco's motion, the district court preliminarily enjoined further domestic distribution of Circos.
 
 
 3
 This appeal followed.
 
 II
 
 4
 We think the district court was clearly correct in granting preliminary injunctive relief here. For that reason and in order to confine our decision as narrowly as possible on this interlocutory appeal, see generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2950, pp. 495-96 (1973); id. § 2962, pp. 629-30, our discussion will be brief.
 
 
 5
 Rather than opposing Nabisco's motion on the usual grounds-that preliminary injunctive relief was not equitably warranted under the flexible balance-of-hardship test of Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.1977)--Conusa sought below and continues here to seek outright dismissal of all Nabisco's claims on the merits.[1]
 
 
 6
 As to the federal Lanham Act claims, the contention was that they failed as a matter of law because once the design patent expired in 1921, the only protection of the critical ring configuration remaining to Nabisco lay in the conceded obligation of others, in freely using the now unpatented design, to avoid consumer confusion as to product sources by proper labelling. Appellants' Main Brief, pp. 9, 10. And because, as a matter of law, on the preliminary injunction record, Conusa's labelling on both the candy itself and its packaging sufficed to avoid confusion, both the Lanham Act claims should be dismissed on the merits. Id. p. 1 (statement of the issue on appeal); id. p. 17 (prayer for relief); id. pp. 4, 5 (summary of argument).[2]
 
 
 7
 The state common law and statutory unfair competition claims were said to fail as a matter of law because under the Supremacy Clause, as applied by the Supreme Court,[3] they were preempted by federal patent law.
 
 
 8
 The district court, correctly noting that a showing of entitlement to preliminary injunctive relief with respect to any of the claims would obviate the necessity to consider any other, see Tootsie Roll Indus. v. Sathers, Inc., 666 F.Supp. 655, 658 (D.Del.1987), wisely looked first to the federal Lanham Act claims. In so doing, the court carefully analyzed the evidence concerning the likelihood of customer confusion arising from Conusa's distribution of its product in the domestic market area. Specifically taking into account the labelling upon which Conusa relied, the court found a likelihood of confusion nevertheless to exist. The court noted, inter alia, the identical sizes and shapes and, with one exception, colors of the two candies, the similarities of principal advertising elements on the respective wrappers, and the difficulty of distinguishing the embossed words on the candies.
 
 
 9
 The court's finding of a likelihood of confusion is, for our immediate purpose, one of fact, Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1526-27 (4th Cir.1984), which we cannot hold to be clearly erroneous on the present record. That suffices to affirm the district court's ensuing grant of preliminary injunctive relief with respect at least to the claim of trademark infringement under 15 U.S.C. § 1114(1),[4] for the following reason. Nabisco has three trademarks registered in the Principal Registry, including one based upon the ring configuration design with the words "LIFE SAVER" embossed on one side. This, coupled with a likelihood of confusion, suffices to establish a claim of infringement under § 1114(1). Marcon Ltd. v. Helena Rubenstein, Inc., 694 F.2d 953, 955 (4th Cir.1982).
 
 
 10
 Nabisco's showing of a likelihood of confusion of product sources therefore sufficiently demonstrated that there is at least a serious issue of Conusa's liability for infringement under § 1114(1), see Blackwelder, 550 F.2d at 194-95, and it also constitutes, for preliminary injunction purposes, a demonstration of irreparable harm to Nabisco if preliminary injunctive relief is not given. See Standard & Poor's Corp. v. Commodity Exch., Inc., 683 F.2d 704, 708 (2d Cir.1982). Weighing these determinations in the balance with the district court's further finding, that the risk of harm to Conusa from granting the injunction would be minimal in view of the small size of its present market, the equities here plainly warranted granting the preliminary injunction. Cf. Blackwelder, 550 F.2d at 198.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 A sometimes appropriate course, even without formal consolidation under Fed.R.Civ.P. 65(a)(2), but one to be acted upon with caution by courts, particularly where the basis urged is, in effect, to dismiss as on summary judgment because of the lack of genuine issues of material fact on the preliminary injunction record. See generally 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2950, pp. 492-93 (1973)
 
 
 [2]
 As the cited portions of Conusa's main brief plainly reveal, this basic position has conceded throughout that even after expiration of the design patent, there remained an obligation on users (presumably enforceable under the Lanham Act) to avoid consumer confusion by proper labelling. We note, however, some intimations of a more fundamental and drastic position: that expiration of the design patent had the more sweeping effect of denying Nabisco the right thereafter to assert any protection of its ring configuration design under federal trademark law. See Appellant's Reply Br., p. 1. In view of the imprecision with which this theory is suggested, we have not considered it as a possible basis for outright dismissal of the Lanham Act claims on this appeal. Cf. Application of Mogen David Wine Corp., 372 F.2d 539, 545 (C.C.P.A.1967) (Smith, J., concurring)
 
 
 [3]
 Principally, in Bonito Boats, Inc. v. Thunder Craft Boats, Inc., --- U.S. ----, 109 S.Ct. 971 (1989); Compco Corp. v. Day-Brite Lighting, 376 U.S. 234 (1964); Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225 (1964). Nabisco of course contests this legal preemption argument. Because it is not necessary to our decision on this interlocutory appeal, we express no opinion on it
 
 
 [4]
 We interpret the district court's decision as having also found Nabisco's showing sufficient to warrant preliminary injunctive relief in respect of its claim of false designation of origin under 15 U.S.C. § 1125(a). Because we need not address that holding as an alternative basis for affirming, we will not, in the interest of intruding as slightly as possible into the decisional process at this stage